# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

**THE THOMPSONS FILM, LLC,**

    **Plaintiff,**

                       **CASE NO.:**

**v.**

**DOE 119,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL
### (Injunctive Relief Sought)

Plaintiff, The Thompsons Film, LLC, ("Thompsons LLC") sues Doe 119 and alleges the following:

### PARTIES

1. Plaintiff is a California company that produced, marketed and distributed the mainstream motion picture "*The Thompsons*" (the "Motion Picture").

2. Doe 119, whose true identity is unknown to Plaintiff at this time, is a resident of Collier County, Florida.

### JURISDICTION AND VENUE

3. This is a suit for copyright infringement and contributory copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a). Doe 119's true identity is unknown at this time, however Plaintiff has used geolocation technology to determine that, upon information and belief, Doe 119 resides in this judicial district.

5. In addition, this Court has personal jurisdiction over Doe 119 because Doe 119 resides within this judicial district and committed acts of copyright infringement and contributory copyright infringement within in this judicial district. Accordingly, Doe 119 should anticipate being haled into court in this state and judicial district.

## GENERAL ALLEGATIONS

6. Doe 119, whose true identity is unknown at this time, acted in a collective and interdependent manner via the Internet to unlawfully reproduce and distribute Plaintiff's copyrighted Motion Picture by means of interactive "peer-to-peer" ("P2P") file transfer technology protocol called BitTorrent.

7. P2P networks, at least in their most common form, are computer systems that enable Internet users to: 1) make files (including motion pictures) stored on each user's computer available for copying by other users or "peers"; 2) search for files stored on other users' computers; and 3) transfer exact copies of files from one computer to another via the Internet. The particular P2P protocol at issue in this suit is called "BitTorrent."

8. Doe 119 participated in a BitTorrent "swarm" in which numerous persons engaged in mass copyright infringement of Plaintiff's Motion Picture. Doe 119 illegally uploaded and shared Plaintiff's Motion Picture within the swarm.

9.      Doe 119 was a willing and knowing participant in the swarm at issue and engaged in such participation for the purpose of infringing Plaintiff's copyright.

10.     Plaintiff's investigator verified Doe 119's participation in the swarm by downloading the Motion Picture from Doe 119.

11.     Doe 119 initiated his or her infringing conduct by first intentionally logging into the one of many BitTorrent client repositories known for their large index of copyrighted movies, television shows, and software. Doe 119 then intentionally obtained a torrent file (the "Swarm Sharing Hash File" at issue in this suit, SHA1: 4C55A9C583CDC447A14CF245BBD9C1F3AAA30C23 ("Hash SHA1: 4C55")) for Plaintiff's Motion Picture from the index and intentionally loaded that torrent file into a computer program designed to read such files.

12.     The particular file a BitTorrent swarm is associated with has a unique "hash" (a file identifier generated by an algorithm developed and implemented by the National Security Agency). The hash file identified above provides access to an unauthorized copy of Plaintiff's copyrighted Motion Picture.

13.     With the torrent file intentionally loaded by Doe 119, his or her BitTorrent program used the BitTorrent protocol to initiate simultaneous connections with hundreds of other users possessing and "sharing" copies of the digital media described in Hash SHA1: 4C55, namely, Plaintiff's Motion Picture. The program then coordinated the copying of Plaintiff's Motion Picture to Doe 119's computer from other users, or peers, sharing the film. As the Motion Picture was copied to Doe 119's computer piece by

piece, these downloaded pieces of Plaintiff's Motion Picture were then immediately available to all other peers from Doe Defendant 119's computer.

14. By performing these acts, Doe 119 immediately became an uploader, meaning that Doe 119's downloaded pieces were immediately available to other users seeking to obtain the file, without degradation in sound or picture quality. It is in this way that Doe 119 simultaneously illegally copied and distributed Plaintiff's Motion Picture.

15. This interactive, simultaneous data-sharing connection, referred to as a "swarm," leads to a rapid viral spreading of a file throughout peer users. As more peers join the swarm, the likelihood of a successful download increases. Because of the nature of a BitTorrent protocol, any user that has downloaded a piece prior to the time a subsequent user downloads the same file is automatically a source for the subsequent user so long as that prior user is online at the time the subsequent user downloads a file. Thus, after a successful download of a piece, the piece is made available to all other users.

16. Through this process, Doe 119's distribution of even a single unlawful copy of the Motion Picture can result in the nearly instantaneous worldwide distribution of that single copy to an unlimited number of people. In this case, Doe 119's copyright infringement built upon the prior infringements, resulting in a cascade of infringement.

17. In addition, because a BitTorrent swarm is a collective enterprise where each downloader is also an uploader, the group of uploaders collaborates to speed the completion of each download of the file.

18. Upon information and belief, Doe 119 also acted in concert with other swarm members by linking together globally through use of a Distributed Hash Table. A Distributed Hash Table is a sort of worldwide telephone book, which uses each file's "info-hash" (a unique identifier for each torrent file) to locate sources for the requested data. Thus, swarm members are able to access a partial list of swarm members rather than being filtered through a central computer called a tracker. Allowing members of the swarm to rely on individual computers for information not only reduces the load on the central tracker, but also means that every person that is sharing this data is also helping to hold this worldwide network together.

19. Doe 119's infringing activity described above allows him or her and others to unlawfully obtain and distribute unauthorized copies of Plaintiff's Motion Picture, which Plaintiff spent a substantial amount of time, money and effort to produce, market and distribute.

20. Despite Plaintiff's use of the best available investigative techniques, it is impossible for Plaintiff to identify Doe 119 by name at this time. Because the true name and capacity, whether individual, corporate, associate or otherwise, of Doe 119 is currently unknown to Plaintiff, it sues the Doe 119 by that fictitious name.

21. Doe 119 is known to Plaintiff by the Internet Protocol ("IP") address assigned to Doe 119 by his or her Internet Service Provider ("ISP") on the date and at the time at which the infringing activity of each Doe Defendant was observed. In addition, Plaintiff has learned that the ISP for Doe 119, the torrent file copied and distributed by each Doe Defendant, the BitTorrent client application utilized by Doe 119, and the

location of Doe 119 at the time of download as determined by geolocation technology. This identification information for Doe 119 is attached to this Complaint as Exhibit A.

22. Plaintiff believes that information obtained in discovery will lead to the identification of Doe 119's true name and permit Plaintiff to amend its Complaint to state the same. Specifically, Plaintiff intends to subpoena the ISP that issued Doe 119's IP addresses in order to learn the identity of the account holder for that IP address.

## THE COPYRIGHT

23. Plaintiff is, and at all relevant times has been, the copyright owner of exclusive rights under United States copyright law with respect to the Motion Picture.

24. The Motion Picture contains wholly original material that is copyrightable subject matter under the laws of the United States.

25. Thompsons LLC, as the owner, holds the copyright registration on the Motion Picture, including Copyright Registration Number PAu 3-651-594 (the "'594 Copyright"). *See* Exhibit B, Certificate of Registration.

26. Under the Copyright Act, Thompsons LLC owns all right, title, and interest in the '594 Copyright, including the right to sue for past infringement.

27. Doe 119 had notice of Plaintiff's copyright rights.

## DOE 119'S COPYRIGHT INFRINGEMENT

28. Plaintiff recorded Doe 119 actually publishing the Motion Picture via BitTorrent and Plaintiff's investigator downloaded the Motion Picture from Doe 119.

29. Plaintiff's Motion Picture is easily discernible as a professional work. Plaintiff created the Motion Picture using professional performers, including Cory Knauf,

Samuel Child, and Mackenzie Firgens, directors, cinematographers, lighting technicians, set designers, and editors. Plaintiff created the Motion Picture with professional-grade cameras, lighting, and editing equipment.

30. Doe 119, without authorization, copied and distributed the audiovisual Motion Picture owned by and registered to Plaintiff in violation of 17 U.S.C. §§ 106(1) and (3)

31. Doe 119 owns or otherwise had control of a computer connected to the Internet via an IP address that contained – or possibly still contains – a torrent file identifying Plaintiff's copyrighted Motion Picture. Doe 119's computer also contained or still contains Plaintiff's copyrighted Motion Picture, which was downloaded using the information encoded in the torrent file.

32. Doe 119 republished and duplicated Plaintiff's Motion Picture in an effort to deprive the Plaintiff of its exclusive rights in the Motion Picture under the Copyright Act.

## COUNT I
## DIRECT COPYRIGHT INFRINGEMENT

33. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 32 as if fully set forth herein.

34. Plaintiff is, and all relevant times, has been, the copyright owner of the Motion Picture infringed upon by Doe 119.

35. Among the exclusive rights granted to Plaintiff under the Copyright Act are the exclusive rights to reproduce the Motion Picture and to distribute the Motion Picture to the public.

36. Doe 119, without Plaintiff's permission or consent, has used, and continues to use, BitTorrent software to download the Motion Picture, to distribute the Motion Picture to the public, including hundreds of other BitTorrent users, and/or to make the Motion Picture available for distribution to others. In doing so, Doe 119 violated Plaintiff's exclusive rights of reproduction and distribution. The actions of Doe 119 constitute infringement of Plaintiff's copyright and exclusive rights under copyright.

37. Doe 119 has also used the file sharing method described above to download numerous copyright protected works of others and is, therefore, a serial copyright infringer who has demonstrated a repeated and blatant disregard for the prohibitions against contained within the Copyright Act and the rights of copyright owners.

38. Doe 119's acts of infringement have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

39. As a result of Doe 119's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to either actual or statutory damages pursuant to 17 U.S.C. § 504 and to its attorney's fees and costs pursuant to 17 U.S.C. § 505.

40. The conduct of Doe 119 is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Doe 119 from further infringing Plaintiff's copyright and ordering that Doe 119 destroy all copies of the copyrighted Motion Picture made in violation of Plaintiff's exclusive rights to the copyright.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Doe 119 as follows:

A. Preliminarily and permanently enjoining Doe 119 from directly or indirectly infringing Plaintiff's rights in the copyrighted Motion Picture, including without limitation by using the Internet to reproduce or copy Plaintiff's Motion Picture, to distribute Plaintiff's Motion Picture, or to make Plaintiff's Motion Picture available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff. Doe 119 also shall destroy all copies of Plaintiff's Motion Picture that Doe 119 has downloaded onto any computer hard drive or server without Plaintiff's authorization and shall destroy all copies of the downloaded Motion Picture transferred onto any physical medium or device in Doe 119's possession, custody, or control;

B. Awarding to Plaintiff actual damages or statutory damages pursuant to 17 U.S.C. § 504, at election of the Plaintiff;

C. Awarding Plaintiff's costs;

D. Awarding Plaintiff's reasonable attorney's fees; and

E. Granting all such other and further relief as the Court deems proper.

## COUNT II
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

41. Plaintiff repeats and realleges each of the allegations contained in Paragraphs 1 through 32 and 34 through 38 as if fully set forth herein.

42. Doe 119, without the permission or consent of Plaintiff, participated in a BitTorrent swarm directed at making the Motion Picture available for distribution to

himself or herself as well as others, has used, and continues to use, BitTorrent software to download the Motion Picture, to distribute the Motion Picture to the public, including hundreds of other BitTorrent users, and/or to make the Motion Picture available for distribution to others. In doing so, Doe 119 violated Plaintiff's exclusive rights of reproduction and distribution.

43. By participating in the BitTorrent swarm with other persons, Doe 119 induced, caused or materially contributed to the infringement of Plaintiff's copyright and exclusive rights under copyright by other Doe Defendants and other swarm members.

44. Doe 119's acts of contributory infringement have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

45. As a result of each Doe 119's contributory infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to either actual or statutory damages pursuant to 17 U.S.C. § 504 and to its attorney's fees and costs pursuant to 17 U.S.C. § 505.

46. Doe 119's conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Doe 119 from further contributing to the infringement of Plaintiff's copyright and ordering that Doe 119 destroy all copies of the copyrighted motion picture made in violation of Plaintiff's exclusive rights to the copyright.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Doe 119 as follows:

A. Preliminarily and permanently enjoining Doe 119 from directly or indirectly infringing Plaintiff's rights in the copyrighted Motion Picture, including without limitation by using the Internet to reproduce or copy Plaintiff's Motion Picture, to distribute Plaintiff's Motion Picture, or to make Plaintiff's Motion Picture available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff.  Doe 119 also shall destroy all copies of Plaintiff's Motion Picture that Doe 119 has downloaded onto any computer hard drive or server without Plaintiff's authorization and shall destroy all copies of the downloaded Motion Picture transferred onto any physical medium or device in Doe 119's possession, custody, or control;

B. Awarding to Plaintiff actual damages or statutory damages pursuant to 17 U.S.C. § 504, at election of the Plaintiff;

C. Awarding Plaintiff's costs;

D. Awarding Plaintiff's reasonable attorney's fees; and

E. Granting all such other and further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated:  April 24, 2013                        Respectfully submitted,


                                                s/ Richard E. Fee
Richard E. Fee
Florida Bar No. 813680
IP ENFORCEMENT LAW GROUP P.A.
1227 N. Franklin Street
Tampa, Florida 33602
(813) 490-6050
(813) 490-6051 (Facsimile)
rfee@IPEnforcementLaw.com

Trial Counsel for Plaintiff,
The Thompsons Film LLC